[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-15082
Non-Argument Calendar

_____

BIA Nos. A73-715-857 & A73-715-858

KARIN VIRGINIA UMANA,
FERNANDO ALBERTO YEMAIL,
KARIN GABRIELA YEMAIL,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(March 15, 2006)**

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

On February 20, 1997, the Immigration and Naturalization Service ("INS")[1]

issued Karin Virginia Umana an order to show cause,[2] alleging that she was a

native and citizen of Guatemala who had entered the United States as a visitor for

pleasure and had remained after the expiration of her visa, rendering her deportable

under INA § 241(a)(1)(B). Umana initially requested asylum relief, but she

withdrew that request during the proceedings. On April 30, 1998, the IJ found that

Umana was deportable and granted voluntary departure before April 30, 1999. It

does not appear that Umana appealed this determination to the BIA.

In March 2005, Umana moved to reopen the case based on new evidence

that could permit her to remain in the United States. Umana's mother had become

---

[1] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107–296, 116 Stat. 2125. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new department. Because this case commended while the INS was in existence, this memorandum refers to the INS rather than the DHS.

[2] Because the proceedings began before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009-546 (Sept. 30 ,1996), the INS issued an order to show cause rather than a notice to appear. Aliens in deportations proceedings before April 1, 1997 and who have a final deportation order entered more than 30 days after IIRIRA's September 30, 1996 enactment date were subject to IIRIRA's "transitional rules." IIRIRA § 309(c)(1), (4) (as amended). After the passage of the REAL ID Act, however, all cases are governed by the permanent rules. Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1008 n.3 (11th Cir. 2005). Regardless of the set of rules applicable to the instant appeal, the applicable statute of limitations remained the same.

a U.S. citizen and had applied for and been granted an I-130 Petition for Alien Resident. Umana was then eligible for an adjustment of status but for her deportation order. The government opposed the motion to reopen on the ground that it was untimely.

The IJ denied the motion to reopen, finding that Umana had not met the filing requirements under 8 C.F.R. § 1003.23(b)(1) and that the motion was untimely. The BIA affirmed the IJ's decision without opinion. Umana now petitions this court for review.

Umana argues that the she met the requirements of 8 C.F.R. § 1003.23. Additionally, she contends that the IJ could have reopened the deportation in its own motion because it was clear that she met the requirements for adjustment of status. Finally, Umana argues that the BIA abused its discretion when it summarily affirmed the IJ's decision because there were substantial factual issues in her case that required a written opinion.

This court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Chacon Botera v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005); Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). This court reviews the denial of a motion to reopen for abuse of discretion. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). Motions to reopen are

3

disfavored in removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The regulations provide that a motion to reopen must be filed within 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.23(b)(1). "Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999) (citation omitted).

Here, the record reflects, and Umana does not dispute, that she filed her motion to reopen more than 90 days after the IJ found her deportable. As the statute of limitations has passed, the IJ properly found the motion was untimely.[3] Moreover, we lack jurisdiction to review whether the IJ should have sua sponte reopened the proceedings. See, e.g., Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (discussing BIA's sua sponte authority).

Finally, there is no merit to Umana's argument that the BIA improperly issued a summary affirmance by a single board member. Lonyem, 352 F.3d at 1342 (explaining that there is no error in the streamline procedure and that agencies should be permitted to enact rules that enable them to handle their duties);

---

[3] Because we affirm on this basis, we need not reach the other grounds given for the IJ's denial.

4

Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003) (rejecting constitutional challenge to the BIA's summary affirmance of the IJ's order because the issues were not complex and were governed by existing agency and federal court precedent). As the untimeliness of the motion is well-established under existing caselaw and regulations, the BIA's use of the streamline procedure was not improper. Accordingly, we DENY the petition.